IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON GARCIA, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | Judge |
| ESTEBAN ESTEPA d/b/a STEVENS PAINTING | ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Jason Garcia, through his attorneys, for his Complaint against Defendant Esteban Estepa d/b/a Stevens Painting, states as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA"), for: 1) Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL, 2) Defendant's failure to pay Plaintiff all earned wages for all hours worked in violation of the IWPCA, and 3) Defendant's misclassification of Plaintiff as an "independent contractor" in violation of the ECA. For the overtime wage claim arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**A.** <u>Plaintiff</u>

    4. During the course of his employment, Plaintiff:

        a. has handled goods that move in interstate commerce;

        b. was employed by Defendant as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10; and

        c. resides in and is domiciled in this judicial district.

**B.** <u>Defendant</u>

    5. Within the relevant time period, Defendant Esteban Estepa d/b/a Stevens Painting:

        a. has been a sole proprietor doing business as Stevens Painting in Illinois and within this judicial district;

        b. has conducted business in Illinois and within this judicial district;

        c. has been an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d.    among other things, Defendant Esteban Estepa had authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the business' checking accounts, including any payroll account, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    e.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10.

## FACTUAL BACKGROUND

6. Since approximately August 20, 2018 until approximately September 14, 2018, Plaintiff was employed by Defendant to work as a painter for Defendant's painting business.

7. Throughout his employment, Defendant had a policy and practice of misclassifying Plaintiff as an independent contractor in order to avoid paying Plaintiff his earned wages, including overtime wages.

8. Prior to and after his employment with Defendant, Plaintiff did not own or operate his own business, and prior to and after his employment with Defendant, Plaintiff did not work under his own business.

9. Throughout his employment, Defendant substantially controlled Plaintiff's work. For example, Defendant determined Plaintiff's work schedule, supervised Plaintiff's work at each job location, provided Plaintiff with materials to complete each job, and told Plaintiff when he could leave a job site or if he could work passed his scheduled stop time.

10. Throughout his employment with Defendant, Plaintiff was paid at an agreed-upon salary, or fixed rate of pay, in cash on a weekly basis.

11. Throughout his employment with Defendant, Defendant regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

12. Within the three (3) years prior to Plaintiff filing this complaint, Defendant likewise directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate them at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those work weeks.

13. Defendant instead paid Plaintiff and other similarly situated employees at their regular rate of pay, or straight time, for all time worked.

14. Defendant's failure to compensate Plaintiff and other similarly situated employees at time and a half their regular rate of pay resulted in violations of the overtime requirements of the FLSA and the IMWL.

15. Throughout Plaintiff's employment with Defendant, Plaintiff and Defendant had an agreement in which Defendant would pay Plaintiff at an agreed-upon salary, or fixed rate, for all time worked.

16. For approximately the last three (3) weeks of Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked at his agreed-upon rate.

17. Defendant's failure to compensate Plaintiff at the agreed-upon rate for any of his hours worked resulted in violation of the IWPCA.

**COUNT I**
**Violation of the FLSA – Overtime Wages**

**Plaintiff on behalf of himself and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 17 as though set forth herein.

18. This Count arises from Defendant's violation of the FLSA for Defendant's failure to pay Plaintiff and similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 11-14, *supra*.

19. Defendant directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

20. Other similarly situated employees were likewise directed to work by Defendant and, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

21. Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

22. Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

23. Defendant did not pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

24. Defendant's failure to pay Plaintiff and other similarly situated employees their overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

25. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week is a willful violation of the FLSA.

WHEREFORE, Plaintiff and the Collective pray for a judgment against the Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Exhibit A.

B. A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 25 as though set forth herein.

26. This Count arises from the Defendant's violation of the IMWL for Defendant's failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in an individual work week, described more fully in paragraph 12-15, *supra*.

27. Defendant directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

28. Plaintiff was not exempt from the overtime provisions of the IMWL.

29. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

31. Defendant's failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours is a violation of the IMWL.

32. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, as provided by the IMWL;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant have violated the IMWL;

D. That the Court enjoin Defendant from violating the IMWL;

E. Reasonable attorneys; fees and costs as provided by the IWML, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 32 as though set forth herein.

33. This Count arises from the Defendant's violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraph 16-18, *supra*.

34. During the course of Plaintiff's employment with Defendant, the parties had an agreement that Defendant would compensate Plaintiff at the agreed-upon rate for all time worked.

35. Defendant did not compensate Plaintiff at the agreed-upon rate for all time worked.

36. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

37. Defendant's failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against the Defendant as follows:

A. A judgment in the amount of unpaid earned wages for all time worked by Plaintiff, as provided by the IWPCA;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14;

C. That the Court declare that the Defendant has violated the IWPCA;

D. That the Court enjoin the Defendant from violating the IWPCA;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the ECA – Earned Wages and Employment Benefits

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 37 as though set forth herein.

38. This Count arises from the Defendant's violation of the ECA for Defendant's failure to: (1) properly classify Plaintiff as "employees;" (2) pay Plaintiff his earned wages, including overtime wages, as required by the IMWL and the IWPCA; (3) pay unemployment insurance on behalf of Plaintiff as required by Illinois law; and (4) provide worker's compensation insurance coverage to Plaintiff as required by Illinois law, as described more fully in paragraph 8-11, *supra*.

39. During the course of Plaintiff's employment with Defendant, Defendant employed Plaintiff in "construction" as defined by the ECA, 820 ILCS 185/5.

40. During the course of Plaintiff's employment with Defendant, Plaintiff was to be deemed an "employee" of Defendant, as provided by the ECA, 820 ILCS 185/10(b), since: (1) Defendant controlled and directed Plaintiff's performance of the painting services he provided; (2) Plaintiff's painting services was within the usual course of services performed by Defendant; and (3) Plaintiff was not engaged in an independently established trade, occupation profession, or business.

41. During the course of Plaintiff's employment with Defendant, Plaintiff was to be deemed an "employee" of Defendant, as provided by the ECA 820 ILCS 185/10(b), since Plaintiff was not a legitimate sole proprietor under 820 ILCS 185/10(c).

42. During the course of Plaintiff's employment with Defendant, Defendant classified and treated Plaintiff as an independent contractor in that, among other things, Defendant failed to comply with the requirements of the IMWL and the IWPCA as described in Counts II, III, IV, *supra.*, failed to pay unemployment benefits on behalf of Plaintiff as required by Illinois law, failed to provide worker's compensation insurance coverage for Plaintiff as required by Illinois law, and failed to provide Plaintiff with other employment benefits due to them.

43. Defendant's failure to properly classify Plaintiff as an "employee" and failure to pay Plaintiff the required overtime wages, and other earned wages pursuant to the IMWL and the IWPCA violated the ECA.

44. Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover all unpaid earned wages, including overtime, for the three (3) years prior to the filing of this Complaint.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all unpaid earned wages, including overtime wages, due under the IMWL and the IWPCA, as set forth more fully in Count II, III, and IV of the Complaint;

B. Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided for by the IMWL and the IWPCA;

C. Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D. Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E. Reasonable attorneys' fees and costs of this action as provided for by the ECA, 820 ILCS 185/60; and

F. Such other and further relief as this Court deems appropriate and just.

Dated: March 5, 2019                  Respectfully submitted,

<u>s/Javier Castro</u>
Javier Castro
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiff